IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAFT AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> BREN-TRONICS, INC., <br><br> Defendant. | Case No. 21-cv-3303 <br><br> **DEMAND FOR JURY TRIAL** |

**DEFENDANT BREN-TRONICS, INC.'S ANSWER
TO PLAINTIFF SAFT AMERICA INC.'S COMPLAINT**

Defendant Bren-Tronics, Inc. ("Defendant" or "Bren-Tronics") hereby answers the Complaint of Plaintiff Saft America Inc., as follows:

**INTRODUCTION**

1. Defendant admits only that Plaintiff has brought an action for purported trade secret misappropriation. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 1 of the Complaint and denies the same on that basis.

2. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 2 of the Complaint and denies the same on that basis.

3. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 3 of the Complaint and denies the same on that basis.

4. Defendant denies that it has "created a pirated version of the Xcelion battery" and that it "targeted Saft's Xcelion business." Defendant denies that the bid referenced in Paragraph 4 of the Complaint is ongoing, and states that Saft has been awarded the contract. Defendant

1

denies the allegations of the final sentence of Paragraph 4 of the Complaint, which alleges that Defendant has sought to "displace" Plaintiff's battery with a "pirated battery." Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 4 of the Complaint and denies the same on that basis.

5. Defendant denies the allegations of Paragraph 5 of the Complaint, including the allegation that Defendant has misappropriated and is attempting to profit from Plaintiff's technology.

## THE PARTIES

6. Upon information and belief, Defendant admits Paragraph 6 of the Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Paragraph 8 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over Plaintiffs' claims.

9. Paragraph 9 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits, for this action only, that this Court has personal jurisdiction over Defendant.

10. Paragraph 10 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this Court for this action only.

9882519.4

**FACTS**

I.   **The History of Saft[1]**

11.   Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint and denies the same on that basis.

12.   Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint and denies the same on that basis.

II.   **Designing and Commercializing the Saft Xcelion 6T® Battery**

13.   Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint and denies the same on that basis.

14.   Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 14 of the Complaint and denies the same on that basis.

15.   Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 15 of the Complaint and denies the same on that basis.

16.   Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint and denies the same on that basis.

17.   Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Complaint and denies the same on that basis.

18.   Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint and denies the same on that basis.

19.   Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 19 of the Complaint and denies the same on that basis.

---

[1] Defendant understands that the headings included in the FACTS section of Plaintiff's Complaint are for organizational purposes and believes no response to the headings is required.

9882519.4

20. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 20 of the Complaint and denies the same on that basis.

21. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 21 of the Complaint and denies the same on that basis. Additionally, Defendant refers the Court to the online article cited in Paragraph 21 of the Complaint for a true and accurate statement of its contents.

### III. Saft Replaces Bren-Tronics In Bid To The Spanish Government Only To Have Bren-Tronics Come Out With A Pirated Battery

22. Defendant admits the allegations in Paragraph 22 of the Complaint.

23. Defendant admits that the JV was considering Plaintiff's and Defendant's batteries for the bid. Defendant denies the final sentence of Paragraph 23 of the Complaint.

24. Defendant admits that the Xcelion battery was selected for the demonstration phase of the Spanish bid in 2017. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 24 of the Complaint and denies the same on that basis.

25. Defendant admits that the Spanish military awarded the contract for military ground vehicles to the JV in August 2020. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 25 of the Complaint and denies the same on that basis. Further answering, Defendant states that, in September 2020, the JV issued a tender for batteries to be used in the project, and that both Saft and Defendant submitted bids.

26. Defendant admits that the JV selected Defendant's battery for the project. Further answering, Defendant states that it entered into a contract with the JV on December 19, 2020, and that there was no firm commitment from the JV that it would use Plaintiff's battery for the

4

project. Defendant denies that its product is a "pirated version" of Plaintiff's Xcelion battery. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 26 of the Complaint and denies the same on that basis.

### IV.  Saft's Efforts to Maintain the Secrecy of Its Proprietary Information

27. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 27 of the Complaint and denies the same on that basis.

28. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 28 of the Complaint and denies the same on that basis.

29. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint and denies the same on that basis.

30. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of the Complaint and denies the same on that basis.

31. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 31 of the Complaint and denies the same on that basis.

32. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 32 of the Complaint and denies the same on that basis.

33. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 of the Complaint and denies the same on that basis.

### V.  The Trade Secrets at Issue

34. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of the Complaint and denies the same on that basis.

35. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 35 of the Complaint and denies the same on that basis.

36. Defendant denies that Plaintiff's battery physical interface constitutes confidential, proprietary, or trade secret information. Further answering, Defendant states that the J1939 CAN bus protocol is publicly available and therefore cannot constitute Plaintiff's confidential, proprietary, or trade secret information. *See, e.g.,* Samuel E. Marx, *Controller Area Network (CAN) Bus J1939 Data Acquisition Methods and Parameter Accuracy Assessment Using Nebraska Tractor Test Laboratory Data*, Biological Sys. Eng'g—Dissertations, Theses, and Student Research, at 12, *available at* http://digitalcommons.unl.edu/biosysengdiss/47.[2]

37. Defendant denies that Plaintiff's battery's use of CAN bus 2.0b signals constitutes Plaintiff's confidential, proprietary, or trade secret information. *See, e.g.,* Exhibit A at 4-5. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 37 of the Complaint and denies the same on that basis.

38. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 38 of the Complaint and denies the same on that basis.

39. Defendant denies that any of the "techniques, implementations, methods, and processes" referenced in Paragraph 39 of the Complaint constitute Plaintiff's confidential, proprietary, or trade secret information. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint and denies the same on that basis.

40. Defendant denies the allegation in Paragraph 40 of the Complaint that it has used—"improperly" or otherwise—Plaintiff's trade secret or confidential information, and that it is benefitting—"unfairly" or otherwise—from Plaintiff's work. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 40 of the

---

[2] A true and correct copy of excerpts of this publication is attached as Exhibit A.

9882519.4

Complaint and denies the same on that basis.

**VI.     Bren-Tronics' Use of Saft's Trade Secrets**

41.     Defendant admits that it marketed its BT-70939M-BP(H) battery as a replacement for the Xcelion battery.  Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 41 of the Complaint and denies the same on that basis.

42.     Defendant denies the allegations of Paragraph 42 of the Complaint.

43.     Defendant denies the allegations of Paragraph 43 of the Complaint.

44.     Defendant denies the allegations of Paragraph 44 of the Complaint.

**FIRST CAUSE OF ACTION**
**Violation of Defend Trade Secrets Act, 18 U.S.C. §§ 1836 *et seq.***

45.     Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 44 of the Complaint.

46.     The first sentence of Paragraph 46 of the Complaint contains a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the first sentence of Paragraph 46 of the Complaint, and denies the remaining allegations of Paragraph 46 of the Complaint.

47.     Defendant denies the allegations of Paragraph 47 of the Complaint.

48.     Defendant denies knowledge or information sufficient to admit or deny the allegations in Paragraph 48 of the Complaint and denies the same on that basis.

49.     Defendant denies knowledge or information sufficient to admit or deny the allegations in Paragraph 49 of the Complaint and denies the same on that basis.

50.     Defendant denies the allegations of Paragraph 50 of the Complaint.

51.     Defendant denies the allegations of Paragraph 51 of the Complaint.

9882519.4

52. Defendant admits that Plaintiff's Complaint seeks injunctive relief. Defendant denies that Plaintiff is entitled to injunctive relief, and denies the remaining allegations of Paragraph 52 of the Complaint.

53. Defendant admits that Plaintiff demands the relief recited in Paragraph 53 of the Complaint but denies that Plaintiff is entitled to any such relief.

## SECOND CAUSE OF ACTION
### New York Common-Law Trade Secret Misappropriation

54. Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 53 of the Complaint.

55. The first sentence of Paragraph 55 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the first sentence of Paragraph 55 of the Complaint. Defendant denies the remaining allegations of Paragraph 55 of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant denies knowledge or information sufficient to admit or deny the allegations in Paragraph 57 of the Complaint and denies the same on that basis.

58. Defendant denies knowledge or information sufficient to admit or deny the allegations in Paragraph 58 of the Complaint and denies the same on that basis.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant admits that Plaintiff's Complaint seeks injunctive relief. Defendant denies that Plaintiff is entitled to injunctive relief, and denies the remaining allegations of Paragraph 62 of the Complaint.

63. Defendant admits that Plaintiff demands the relief recited in Paragraph 63 of the Complaint but denies that Plaintiff is entitled to any such relief.

## THIRD CAUSE OF ACTION
**Unfair Competition Under New York Law**

64. Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 63 of the Complaint.

65. Defendant denies knowledge or information sufficient to admit or deny the allegations in Paragraph 65 of the Complaint and denies the same on that basis.

66. Defendant denies knowledge or information sufficient to admit or deny the allegations in Paragraph 66 of the Complaint and denies the same on that basis.

67. Defendant denies knowledge or information sufficient to admit or deny the allegations in Paragraph 67 of the Complaint and denies the same on that basis.

68. Defendant denies the allegations of Paragraph 68 of the Complaint.

69. Defendant denies the allegations of Paragraph 69 of the Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint contains a legal conclusion to which no response is required.  To the extend a response is required, Defendant denies the allegations of Paragraph 71 of the Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Complaint.

73. Defendant admits that Plaintiff's Complaint seeks injunctive relief.  Defendant denies that Plaintiff is entitled to injunctive relief, and denies the remaining allegations of Paragraph 73 of the Complaint.

74. Defendant admits that Plaintiff demands the relief recited in Paragraph 74 of the Complaint but denies that Plaintiff is entitled to any such relief.

## FOURTH CAUSE OF ACTION
### Tortious Interference with Prospective Business Relations

75. Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 74 of the Complaint.

76. Defendant denies knowledge or information sufficient to admit or deny the allegations in Paragraph 76 of the Complaint and denies the same on that basis.

77. Defendant denies knowledge or information sufficient to admit or deny the allegations in Paragraph 77 of the Complaint and denies the same on that basis.

78. Defendant denies the allegations of paragraph 78 of the Complaint.

79. Defendant denies knowledge or information sufficient to admit or deny the allegations in Paragraph 79 of the Complaint and denies the same on that basis

80. Defendant denies the allegations of Paragraph 80 of the Complaint.

81. Defendant denies the allegations of Paragraph 81 of the Complaint.

82. Defendant states that its battery was not developed using Saft's trade secrets, and therefore Defendant admits that it never informed the JV that its battery was developed using Saft's trade secrets.

83. Defendant denies the allegations of Paragraph 83 of the Complaint.

84. Defendant denies the allegations of Paragraph 84 of the Complaint.

85. Defendant denies the allegations of Paragraph 85 of the Complaint.

86. Defendant admits that Plaintiff's Complaint seeks injunctive relief. Defendant denies that Plaintiff is entitled to injunctive relief, and denies the remaining allegations of Paragraph 86 of the Complaint.

87. Defendant admits that Plaintiff demands the relief recited in Paragraph 87 of the Complaint but denies that Plaintiff is entitled to any such relief.

9882519.4

## PRAYER FOR RELIEF

In response to the Complaint's Prayer for Relief, Defendant denies that Plaintiff is entitled to any of the relief sought or any other relief in this action. Defendant denies all factual allegations contained in the Prayer for Relief and denies any wrongdoing.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Without shifting the burden of proof where it otherwise rests with Plaintiff, Defendant asserts the following Affirmative and Other Defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails to state claims against Defendant upon which relief can be granted with respect to some or all of the claims in the Complaint.

## SECOND DEFENSE

Plaintiff's claims against Defendant based on alleged misappropriation of trade secrets fail because Plaintiff has failed to identify any specific legally protected trade secrets or confidential information.

## THIRD DEFENSE

Plaintiff's claims against Defendant fail, in whole or in part, because any information accessed, viewed, used, or transferred by Defendant contained no confidential, proprietary, or trade secret information belonging to Plaintiff.

## FOURTH DEFENSE

Plaintiff's claims against Defendant fail, in whole or in part, because any information accessed, viewed, or used by Defendant was well known in the industry.

## FIFTH DEFENSE

Plaintiff's claims against Defendant fail, in whole or in party, because Plaintiff has not exercised reasonable or sufficient efforts to maintain the secrecy of any information alleged in the Complaint.

## SIXTH DEFENSE

Plaintiff's claims against Defendant are barred or subject to reduction to the extent that Plaintiff has failed or in the future fails to satisfy its duty to mitigate its alleged damages.

## SEVENTH DEFENSE

Plaintiff is not entitled to damages, costs, or attorneys' fees.

## EIGHTH DEFENSE

Plaintiff's claims against Defendant are barred, in whole or part, because any conduct by Defendant is privileged competition, and the Complaint constitutes an improper effort to restrain competition.

## NINTH DEFENSE

Plaintiff's claims against Defendant are barred because Plaintiff has suffered no harm, irreparable or otherwise, and because Plaintiff cannot establish any damages.

## TENTH DEFENSE

Plaintiff's claim request for injunctive relief against Defendant is barred because Plaintiff has not demonstrated a need or met the legal criteria for injunctive relief, including an inadequate remedy at law, a likelihood of success on the merits, a risk of irreparable harm, or that the interests of justice or balance of harms favor injunctive relief.

9882519.4

**ELEVENTH DEFENSE**

Plaintiff's claims against Defendant are barred by the doctrines of *in pari delicto*, unclean hands, waiver, laches, and estoppel.

**TWELFTH DEFENSE**

Defendant reserves the right to plead other defenses as they become known.

**WHEREFORE**, Defendant prays that:

(a) Plaintiff's Complaint be dismissed with prejudice and judgment on all of Plaintiff's claims be entered in favor of Defendant and against Plaintiff;

(b) Defendant be awarded against Plaintiff its attorneys' fees and costs in defending this action, including under 18 U.S.C. § 1836(b)(3)(D); and

(c) Defendant receive such other and further relief as is just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant hereby demands trial by jury of all issues properly triable thereby.

Dated:  August 2, 2021                                                  **CARTER LEDYARD & MILBURN LLP**

By: */s/ Keith D. Nowak*
Keith D. Nowak
   nowak@clm.com
William F. Sondericker
   sondericker@clm.com
Gerald W. Griffin
   griffin@clm.com
Theodore Y. McDonough
   mcdonough@clm.com
Two Wall Street
New York, New York 10005
Tel: 212-732-3200
Fax: 212-732-3232

*Attorneys for Defendant Bren-Tronics, Inc.*