**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3360**

WRITER'S EMAIL ADDRESS
**lanceyang@quinnemanuel.com**

November 2, 2021

<u>VIA ECF</u>

Hon. Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Saft America Inc. v. Bren-Tronics, Inc.</u>, Case No. 21-cv-3303 – Bren-Tronics's failure to comply with its discovery obligations

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Dear Judge Pollak:

I write on behalf of Plaintiff Saft America Inc. ("Saft") pursuant to Your Honor's Individual Motion Procedures and Rules and Local Civil Rule 37.3. Despite discovery starting on September 7, 2021, Defendant Bren-Tronics, Inc. ("Bren-Tronics") refuses to provide substantive responses to Saft's First Set of Interrogatories ("Saft's First Interrogatories") and Saft's First Request for Production of Documents ("Saft's First RFPs"). On October 27, 2021, the parties met and conferred as required by Local Civil Rule 37.3(a) and are at an impasse. Saft requests that the Court order Bren-Tronics to provide full and complete response to the written discovery served by Saft or, if the Court believes it necessary, permit Saft to file a motion to compel.

*Background*

On June 29, 2021, this Court issued a Scheduling Order, setting the Initial Conference in this matter for September 21, 2021. (ECF No. 11). The parties met and conferred two weeks prior to the Initial Conference, on September 7, 2021. *See* Fed. R. Civ. P. 26(f). Pursuant to Fed. R. Civ. P. 26(d)(1), discovery began on that day. On September 15, 2021, Saft served Bren-Tronics with Saft's First Interrogatories and Saft's First RFPs. *See* Ex. 1 (Saft's First Interrogatories); Ex. 2 (Saft's First RFPs). Bren-Tronics's responses were due 30 days later, on October 15, 2021. *See* Fed. R. Civ. P. 33(b)(2); *id.* R. 34(b)(2)(A).

Saft's written discovery requested information regarding the identities of the customers of Bren-Tronics's copycat battery, the information that Bren-Tronics has disseminated to them about the battery, how Bren-Tronics learned of the features of the Xcelion battery that enabled it to make a copycat battery, and the manner in which Bren-Tronics's battery implements those features.

On September 21, 2021, while Saft's First Interrogatories and Saft's First RFPs were pending, the parties submitted competing discovery plans to the Court. Saft's proposed that discovery proceed on all issues in parallel, as is the normal practice of this Court and others in this District in trade secret cases. ECF No. 38-1. Bren-Tronics proposed that discovery should proceed in two phases. The first phase, to be completed by October 12, 2021, would be limited to Saft's "***final*** identification with particularity of the technology and/or information which it contends is a trade secret at issue in this proceeding." ECF No. 39-1 at 1 (emphasis added). Discovery addressed to Bren-Tronics would only begin in the second phase. *Id.* Bren-Tronics provided zero applicable legal support for its proposed two-phase structure. At the Initial Conference, counsel for Saft informed Your Honor that discovery had commenced pursuant to the Federal Rules, and that Saft had served Saft's First Interrogatories and First RFPs; counsel for Bren-Tronics requested a schedule that delayed discovery pursuant to its two-phased discovery proposal. Your Honor instructed Bren-Tronics to submit legal authority supporting its request, if it had any, and Saft

1

requested the opportunity to also submit legal authority on the issue. *See* ECF Order dated Sept. 22, 2021. The parties submitted the requested letters on September 24, 2021. (ECF Nos. 41-43).

However, to date, Bren-Tronics has not otherwise moved for discovery to be stayed pending the entry of a discovery plan by Your Honor. Indeed, the Parties have exchanged initial disclosures and Bren-Tronics served its own initial discovery on Saft on October 7, 2021.

On October 15 (the 30-day deadline for responses under the Federal Rules of Civil Procedure), Bren-Tronics served Saft with its Objections and Responses to Saft's First Interrogatories and Saft's First RFPs. *See* Ex. 3 (BTI's Objections and Responses to Plaintiff's First Set of Interrogatories); Ex. 4 (BTI's Objections and Responses to Plaintiff's First Requests for Production). Bren-Tronics refused to provide substantive answers to any of Saft's discovery requests, but instead responded to each request with materially the same blanket objection:

> BTI objects to this interrogatory on the ground that Saft has not identified its alleged trade secrets with reasonable particularity. Pending before the Court is BTI's request for a scheduling order requiring Saft to identify its alleged trade secrets with reasonable particularity "before commencing discovery" in this action (Dkt. No. 42) and Saft's objection to BTI's request (Dkt. No. 43). BTI will provide further objections and responses to this interrogatory once the Court rules on BTI's request for a scheduling order and the entry of a scheduling order and protective order in this case.

*See* Ex. 3 at 3-6; Ex. 4 at 4-11. On October 26, Saft contacted Bren-Tronics, requesting that Bren-Tronics agree to serve revised and fulsome responses to Saft's First Interrogatories and Saft's First RFPs. *See* Ex. 5 (Oct. 26, 2021 Email). The parties met and conferred on October 27, 2021, and counsel for Bren-Tronics confirmed the parties were at impasse because Bren-Tronics would continue to refuse to provide substantive discovery responses, or to conduct discovery of any kind. *See* Ex. 6 (October 27, 2021 Email).

*Argument*

Bren-Tronics's refusal to provide substantive responses to Saft's First Interrogatories and Saft's First RFPs violates the Federal Rules of Civil Procedure. Under the Federal Rules, absent Court order otherwise, discovery begins as soon as the parties meet and confer pursuant to Rule 26(f). *See* Fed. R. Civ. P. 26(d)(1); *see also* 8A WRIGHT & MILLER, FED. PRAC. & PROC. § 2047 (3d ed. 2021) ("The normal rule under Rule 26(d) is that once the moratorium on discovery has ended all parties are allowed to use the discovery devices when and how they choose."). Parties are entitled to discovery of any matter that is relevant to the claims at issue and is not privileged. Fed. R. Civ. P. 26(b)(1).

2

Discovery commenced on September 7, when the parties had their Rule 26(f) conference, and Saft served its First Interrogatories and First RFPs the following week. Bren-Tronics does not contend that Saft requests any matter that is irrelevant, privileged, or not in Bren-Tronics's possession. Bren-Tronics was required to provide answers and objections to Saft's discovery requests by October 15, 2021. Thus, Bren-Tronics is obligated to provide substantive responses, and Saft is entitled to an order compelling Bren-Tronics to do so. *See, e.g.*, *Barkley v. Olympia Mortg. Co.*, No. 04-cv-875(RJD)(KAM), 2007 WL 656250, at *9 (E.D.N.Y. Feb. 27, 2007) (granting motion to compel response to discovery requests seeking information and documents relevant to plaintiff's allegations); *see also Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, 10-cv-1762(RRM)(ALC), 2011 WL 2490808, at *2 (E.D.N.Y. June 22, 2011) ("A party served with interrogatories is charged with the duty of providing complete answers …"); *Watson v. Scully*, 87-cv-571 (CSH), 1988 WL 73390, at *3 (S.D.N.Y. July 1, 1988) (ordering response because "[d]efendants pose no substantive objections to plaintiff's interrogatories at this point in time").

Bren-Tronics's supposed justification for its refusal to provide substantive responses is meritless. Despite Bren-Tronics's decision to make a request of this Court, **after** discovery had already commenced, to stay certain topics of discovery, the Court has not done so. Discovery is already underway in this matter—as evidenced by Bren-Tronics having served its Initial Disclosures on September 30, 2021 and its own initial discovery requests on October 7, 2021—and Bren-Tronics's hope that this Court will rule in its favor on a pending discovery dispute is no excuse to ignore the mandatory deadlines set forth in Rules 33 and 34. Bren-Tronics has neither moved this Court for a stay of discovery nor attempted to make a showing of "good cause" that would be required for such a stay. *See* Fed. R. Civ. P. 26(c). Indeed, in Bren-Tronics's letter to the Your Honor identifying its authority for a two-phased discovery proposal, Bren-Tronics fails to cite a single case in this District—trade secret or otherwise—that has adopted a two-phase discovery plan where no discovery on a defendant takes place while a plaintiff is required to identify its trade secrets with finality and particularity.

*Conclusion*

For the foregoing reasons, Saft requests that the Court order Bren-Tronics to provide amended, substantive and fulsome responses to Saft's First Interrogatories and First RFPs within five days of the Court's order.

Respectfully Submitted,


/s/ *Lance Yang*
Lance Yang

3