**CARTER LEDYARD MILBURN**

**Gerald W. Griffin**
Partner
griffin@clm.com

2 Wall Street
New York, NY 10005
D / 212-238-8672

**BY ECF**

November 9, 2021

Honorable Cheryl L. Pollak
Chief Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>Saft America Inc. v. Bren-Tronics, Inc. - Case No. 21-cv-3303</u>

Dear Judge Pollak:

      We represent defendant Bren-Tronics Inc. ("BTI"). In this action, Plaintiff Saft America Inc. ("Saft") alleges that BTI misappropriated Saft's trades secrets regarding Saft's Lithium-Ion battery. This is a response to Saft's letter to Your Honor dated November 2, 2021 (Dkt. No. 48), which requests permission for Saft to move to compel BTI to respond more fully to Saft's written discovery requests, which seek broad discovery regarding BTI's Lithium-Ion battery. Dkt. No. 48, Exhibits 1 and 2.

      Saft's request should be denied because the issue of the scope of initial discovery in light of Saft's general descriptions of its alleged trade secrets is already pending before the Court. Saft has failed to identify its alleged trade secrets with reasonable particularity and should be required to do so before proceeding with discovery. If Saft were allowed broad discovery regarding BTI's Lithium-Ion battery before identifying its alleged trade secrets, Saft could identify whatever it finds in BTI's files as its own trade secrets and then claim BTI misappropriated them. Indeed, BTI responded and objected to Saft's written discovery requests on this ground. Dkt. No. 48, Exhibits 3 and 4.

      The parties have already briefed this issue initially with respect to BTI's opposition to Saft's motion for expedited discovery and then with respect to the parties' proposed discovery plans submitted to Your Honor at the initial conference. Dkt. Nos. 18, 34, 37, 42 and 43. After the conference and at Your Honor's request, BTI submitted a letter brief citing its legal authority for requiring Saft to identify its trade secrets before proceeding with discovery including with its written discovery requests, which are the subject of Saft's November 2 letter to the Court. Saft also submitted a letter brief on this issue. Briefing the issue again as part of a motion to compel by Saft would duplicate the parties' previous submissions and waste the Court's and the parties' time and resources.

      In its letter to the Court, Saft argues that BTI delayed requesting a stay of discovery on this issue until after Saft served its written discovery requests. According to Saft, BTI cannot now respond and object to Saft's requests on this issue because the Court has not yet decided the

issue.  Dkt. No. 48 at 3.  Saft is incorrect.  BTI requested Saft identify its alleged trade secrets early in this action and well before Saft served its written discovery requests, and then timely requested the Court stay or stagger discovery so that Saft identifies its trade secrets before proceeding with discovery.

On August 9, 2021, BTI provided Saft a proposed discovery plan, which required Saft to identify its trade secrets with reasonable particularity before seeking discovery from BTI.  *See* Exhibit A.  Saft wholly ignored BTI's proposed discovery plan, and on August 16, Saft moved for a preliminary injunction and expedited discovery from BTI.  Dkt. No. 18.  BTI opposed Saft's motion arguing, among other things, that Saft is not entitled to any discovery, let alone expedited discovery, until it identifies its alleged trade secrets with reasonable particularity.  Dkt. No. 34 at 32-34.

On September 3, while Saft's motion was pending, we asked Saft's counsel to meet and confer regarding our proposed discovery plan as required by Rule 26(f).  *See* Exhibit B.  On September 7, Saft's counsel informed us that they were still reviewing our proposed discovery plan and would get back to us with comments as soon as possible.  On September 14, a week before the initial conference, Saft proposed an entirely different discovery plan that does not require Saft to identify its trade secrets before seeking discovery.  The next day, on September 15, Saft served its written discovery requests seeking broad discovery regarding BTI's Lithium-Ion battery.  *See* Exhibit C.

On September 16, counsel met and conferred regarding the parties' respective discovery plans.  BTI proposed adjourning the initial conference and staying discovery pending Judge Vitaliano's decision on Saft's motion.  Saft's counsel insisted on proceeding with the initial conference with each side submitting their own discovery plans to Your Honor.  On September 21, counsel submitted and argued the merit of their respective plans at the initial conference, BTI arguing that discovery should be stayed or staggered until Saft identifies its trade secrets.  Dkt. Nos. 37 and 38.  At Your Honor's request, the parties submitted letter briefs on September 24 setting forth their legal authority regarding BTI's request to stay or stagger discovery.  Dkt. Nos. 42 and 43.

On October 15, BTI responded to Saft's written discovery requests by objecting on the ground that Saft has not identified its trade secrets with reasonable particularity and that BTI's request to stay or stagger discovery is pending before the Court.  On October 27, the parties met and conferred regarding BTI's response and objection.  During that call, Saft's counsel expressed their intent to move to compel BTI to respond more fully.  BTI responded that the motion would be duplicative of the parties' previous briefings and a waste of the Court's and parties' time and resources.  *See* Exhibit D.

As the above history makes clear, BTI actively sought Saft's identification of its alleged trade secrets before discovery by Saft, initially in its proposed discovery plan and then in its opposition to Saft's motion for expedited discovery.  The fact that Saft ignored BTI's proposed plan for a month, then promised to comment on the plan, but then served written discovery requests instead is evidence of Saft's delay in addressing the issue, not BTI's.  Indeed, BTI immediately requested discovery be staggered so that Saft identifies its trade secrets before proceeding with discovery, including its written requests.  It makes no sense for BTI to respond

**CARTER LEDYARD MILBURN**

-3-

fully to Saft's broad discovery requests regarding BTI's Lithium-Ion battery while the issue of whether it needs to respond is pending before the Court.  *See* Dkt. No. 43 and cases cited therein.

Saft further argues that BTI failed to move this Court for a stay of discovery or show good cause for such a stay, but instead served its own discovery requests on Saft.  Dkt. No. 48 at 2-3.  This is also incorrect.  BTI's request that discovery be stayed or staggered until Saft identifies its trade secrets with particularity and a showing of good cause for its request is set forth fully in its September 24 letter brief, and we respectfully refer Your Honor to the letter brief and the legal authority cited therein.  BTI's initial discovery on Saft was narrowly tailored to only request that Saft identify its trade secrets with particularity as BTI has requested in its letter brief.  *See* Exhibit E.  A subsequent motion for a stay by BTI, like a motion to compel by Saft, would duplicate the parties' previous briefings and waste the Court's and the parties' time and resources.  If, however, the Court requires BTI to file such a motion to require Saft to identify its trade secrets before proceeding with discovery, BTI respectfully requests permission to do so.

Respectfully submitted,

/s/ Gerald W. Griffin

Gerald W. Griffin

GWG
Enclosures

CC: All Counsel of Record (via ECF)